WENTZ-BATES MERCANTILE COMPANY, APPELLEE, V. UNION PACIFIC RAILROAD COMPANY, APPELLANT.

FILED DECEMBER 14, 1909. No. 15,849.

Carriers: FREIGHT RATES. *Haurigan v. Chicago & N. W. R. Co.*, 80 Neb. 139, reaffirmed, and *held* to be in all respects decisive of this case.

APPEAL from the district court for Platte county: GEORGE H. THOMAS, JUDGE. *Reversed.*

*Edson Rich* and *John A. Sheean,* for appellant.

*R. P. Drake, contra.*

FAWCETT, J.

The only real complaint which plaintiff makes in its petition is that it shipped in October, 1906, a car-load of

potatoes from Humphrey, Nebraska, to Kingfisher, Oklahoma, under a quotation from defendant of a rate of 42½ cents a hundred pounds; that, upon the arrival of the car at Kingfisher, defendant, before it would deliver the potatoes to plaintiff's consignee, demanded and collected freight at the rate of 60 cents a hundred, and plaintiff thereby was damaged in the sum of $54.25. The petition admits that defendant sent plaintiff its check for $32.55, in full for plaintiff's damage, but alleges that it refused to receive said sum and returned the check to defendant; that the defendant again sent the check to plaintiff and that it still is in plaintiff's possession. For answer defendant alleges that the rate of 42½ cents was quoted through mistake; that the correct rate was 49½ cents, as fixed in the tariffs naming said fares and charges on file with the interstate commerce commission. Plaintiff in its reply admits that the rate on potatoes in car-load lots at the time of its shipment between the points thereof "was 49½ cents per 100 lbs. as fixed by the schedules then on file with the interstate commerce commission and then in force, but denies that at that time plaintiff knew the correct or any other rate thereon, and applied to the defendant in the usual course of business for same, resulting as set forth in plaintiff's petition." It thus appears that defendant quoted to plaintiff a rate 7 cents below the true rate, and actually collected 10½ cents more than the true rate; but the difference of 10½ cents between the true rate and the rate collected is covered by defendant's check, which the petition admits was in plaintiff's possession at the time this action was commenced. This narrows the controversy to the difference between the rate quoted and the correct rate.

If plaintiff has suffered any damage by the shipment of its potatoes in the manner and under the circumstances alleged, such damage does not appear in the petition. The petition nowhere alleges that the potatoes would not have been shipped if the true rate had been quoted, nor does it state facts showing any damage to plaintiff other

than the fact that plaintiff was required to pay more than the quoted rate for its shipment. Whether the quotation of 42½ cents, when the true rate was 49½ cents, was intentional or a mistake is immaterial, as, under the law governing shipments of this character, the contract in either event would be void. This case is ruled in all respects by *Haurigan v. Chicago & N. W. R. Co.*, 80 Neb. 139. In that case the case mainly relied upon by plaintiff, viz., *Missouri P. R. Co. v. Crowell Lumber & Grain Co.*, 51 Neb. 293, is expressly disapproved.

Following *Haurigan v. Chicago & N. W. R. Co.*, *supra*, the judgment of the district court is reversed and the cause remanded for further proceedings in harmony herewith.

REVERSED.